IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED DISTRICT COURT INDIANAPOLIS DIVISION
10 JUN 29 PM 4:12
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Amy Rivers, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Firstsource Advantage, LLC, a New York limited liability company, | ) 1:10-cv-0833 RLY-DML |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Amy Rivers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Amy Rivers ("Rivers"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Bank of America.

4. Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York

limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Firstsource was acting as a debt collector as to the debt it attempted to collect from Ms. Rivers.

5. Defendant Firstsource is licensed to conduct business in Indiana and maintains a registered agent in Indiana. In fact, Firstsource conducts business in Indiana.

## FACTUAL ALLEGATIONS

6. Defendant Firstsource sent Ms. Rivers a collection letter, dated September 8, 2009, demanding payment of a debt she allegedly owed to Bank of America, in the amount of $3,416.25, which stated, in pertinent part:

\* \* \*

> This account has been placed with our office for collection in order to resolve your delinquent debt. Please enclose your payment in the envelope provided and make your check or money order payable to Firstsource Advantage, LLC.
>
> As of the date of this letter, you owe $3,416.25. Please be advised that interest will continue to accrue on this account. Therefore, the amount due on the day you pay may be greater. For further information, call or write us.

\* \* \*

A copy of this letter is attached as Exhibit A.

7. Thereafter, Ms. Rivers' account was referred to another debt collector, Creditors Financial Group ("Creditors") who sent collection letters to Ms. Rivers, dated December 5, 2009 and January 9, 2010, each of which stated that Ms. Rivers owed the same amount that Firstsource claimed was due but to which interest would be added -- $3,416.25. Copies of these letters are attached as Exhibits B and C.

2

8. All of Defendant Firstsource's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. Defendant Firstsource's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA --
### False Statement About The Amount Of The Debt

10. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by falsely stating that "interest will continue to accrue on this account", when, in fact, no interest was accruing on Ms. Rivers' account as evidenced by the letters from the subsequent debt collector, Creditors. See, Veach v. Sheeks, 316 F.3d 690, 693, 694 (7th Cir. 2003).

11. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Amy Rivers, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ms. Rivers, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Amy Rivers, demands trial by jury.

Amy Rivers

By: _____
One of Plaintiff's Attorneys

Dated: June 29, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com